EDGAR WILLIAMS and others, as Administrators, etc., of LORRAIN FREEMAN, Deceased, Respondents, *v.* JAMES W. GILLIES, Impleaded, etc., Appellant.

*Partnership for purchase of land — oral agreement for — liability of partners.*

Dobbs, Raynor and Gillies agreed, orally, that Dobbs should purchase certain real estate in his own name and give back a mortgage thereon for part of the purchase-money; the real estate to be held for speculative purposes and sold for the joint benefit of all; the profits to be divided among them in proportion to the amount contributed by each Dobbs accordingly purchased the property and gave back a mortgage to plaintiff's testator, who was at the time ignorant of the partnership. In an action to foreclose the mortgage the judgment directed that each of the partners should be liable for such proportion of any deficiency that might arise upon the sale as corresponded to his interest in the land.

*Held*, that this was as favorable a judgment for the partners as they were entitled to; that under such circumstances the name of the partner, used in the transaction, becomes, *pro hac vice,* the partnership name.

Appeal, by defendant Gillies, from a judgment of foreclosure, entered upon a trial of this action by the court without a jury.

The court found, among other things, that in October, 1872, the defendant William H. Dobbs made a contract with the late Lorrain Freeman for the purchase of the land in question; that it was agreed between said Dobbs, the defendant, James W. Gillies and the late William H. Raynor that said property should be bought for their joint benefit, said Raynor contributing one-half, said Dobbs one-quarter and said Gillies one-quarter of the purchase-price, and that said Gillies, Dobbs and Raynor were to share in the profits of said enterprise *pro ratio;* that it was agreed between said Gillies, Dobbs and Raynor that said Dobbs should make said contract for their mutual benefit, and that Dobbs should take the title and give back the bond and mortgage mentioned in the complaint; that said Gillies, Dobbs and Raynor, in pursuance of said agreement, each contributed their proportional share of the purchase-money paid in part, and, also, as long as interest was paid upon the mortgage each paid his proportionate share of such interest; that said property was bought for speculative purposes, to be sold and the profit divided between them *pro ratio;* that Dobbs was authorized by Gillies and Raynor to execute and deliver said bond and mortgage to Freeman, and they afterwards ratified the act.

That, in pursuance of said contract, the said Freeman did, on the 2d day of January, 1873, execute and deliver to said William H. Dobbs a warranty deed of said premises.

That the defendant William H. Dobbs, on or about the 2d day of January, 1873, executed and delivered to the said Freeman a bond and mortgage, to foreclose which this action was brought.

As conclusions of law, the court found that the executrix of the estate of said William H. Raynor was liable to the plaintiffs, as executors as aforesaid, for the payment of one-half of any deficiency that might arise on the sale of said premises.

That said James W. Gillies was liable to the plaintiffs, as executors as aforesaid, for one-quarter of any deficiency that might arise on the sale of said mortgaged premises.

That said William H. Dobbs was liable to the plaintiffs, as executors as aforesaid, for one-quarter of any deficiency that might arise on the sale of said mortgaged premises.

*James M. Fisk*, for the appellant. The contract between Dobbs and Freeman for the purchase of the property as well as the bond and mortgage given by Dobbs being under seal, cannot be changed by oral testimony into a simple contract so as to enforce it against persons not parties to it. (*Townsend* v. *Hubbard*, 4 Hill, 351; 2 R. S., 135, §§ 8, 9; *Briggs* v. *Partridge*, 64 N. Y., 357.) Parol evidence cannot be introduced to contradict, change, enlarge or vary the terms of a written instrument under seal, except in cases of fraud or gross concurrent mistake. (See Wharton on Evidence, § 920, note 1 on page 155, 2d vol.; § 1014 and § 1050, and cases there cited; *Renard* v. *Sampson*, 12 N. Y., 561; *Halleday* v. *Hart*, 30 id., 474; *Pollen* v. *Le Roy*, id., 549; *Thorpe* v. *Ross*, 4 Keyes, 546; *Riley* v. *City of Brooklyn*, 46 N. Y., 444; *Long* v. *N. Y. C. R. R. Co.*, 50 id., 76; *Collender* v. *Densmore*, 55 id., 204; *Briggs* v. *Partridge*, 64 id., 357.) Whatever agreements and understandings there might have been between the parties prior to the making and execution of the instrument and deeds, must be held to have been extinguished by the execution and delivery of the conveyances and be held as expressing the final views of the parties and expressing the terms of the contract between them. (*Gage* v. *Jaquethe*, 1 Lans., 207, and cases cited above.) No one

is liable to be sued in the foreclosure action, except a party to the mortgage or those who by valid agreement assume or guarantee the same. (*Holcomb* v. *Holcomb*, 2 Barb., 20 ; *Le Roy* v. *Shaw*, 2 Duer, 626 ; *Spencer* v. *Wheelock*, 11 N. Y. Leg. Obs., 329 ; *Tibbets* v. *Percey*, 24 Barb., 39 ; *Strong* v. *Wheaton*, 38 id., 616.) Even if the defendants were partners there is no cause of action against Gillies in favor of plaintiff. When a person gives credit to one partner alone he cannot call upon the rest as if the creditor sold him goods, * * * or loaned him money. (Parsons on Partnership [2d ed.], marginal pages 104, 105, note to page 105 ; *Parken* v. *Caruthers*, 3 Esp., 248 ; *Loyd* v. *Frestfield*, 2 C. & P., 325 ; *Bevan* v. *Lewis*, 1 Sims, 376 ; *Lerroy* v. *Johnson*, 2 Peters, 186 ; *Bird* v. *Lavins*, 4 Wis., 615 ; *Clay* v. *Cottrell*, 18 Penn., 408 ; *Muller* v. *Morrice*, 6 Hill, 114 ; *Holmes* v. *Burton*, 9 H., 252 ; *Jaques* v. *Marquand*, 6 Cowen, 497 ; per BALDWIN, J., in *Winship* v. *Bank of United States*, 5 Peters, 567 ; *Foster* v. *Hall*, 4 Humph., 346 ; *Union Bank* v. *Eaton*, 5 id., 499 ; *Green* v. *Tanner*, 8 Met., 411 ; *Osborn* v. *Jacobs*, 9 id., 454.) The rule is well settled also that when a bond or other specialty of one partner is taken for the simple contract debt of a partnership the firm cannot be held liable on such specialty. (*United States* v. *Ashley*, 3 Wash. C. C., 512 ; *Patterson* v. *Brewster*, 4 Edw. Ch., 352 ; *Ward* v. *Johnson*, 13 Mass., 150 ; *Collier* v. *Leech*, 29 Penn. St., 404 ; *Clement* v. *Brush*, 3 Johns. Cas., 108 ; *Williams* v. *Hodgson*, 2 Harris & J., 474 ; *McNaughton* v. *Partridge*, 11 Ohio, 223 ; Pars. on Partnership [2d ed.], marginal page 333 ; *Nat. Bank of Chemung* v. *Ingraham*, 58 Barb., 290 ; *Marvin* v. *Buchanan*, 62 id., 468.) A sealed instrument, when executed by one acting as an agent or attorney, must be executed in the name of the principal and purport to be sealed with his seal or the person named as principal will not be bound by it. (*Townsend* v. *Hubbard*, 4 Hill, 351 ; *Clarke* v. *Courtney*, 5 Peters, 319, 351 ; *Elwell* v. *Dean*, 16 Mass., 42 ; *Brinley* v. *Mann*, 2 Cush. [Mass.], 337.) Nor where it does not refer to the principal. (*Squier* v. *Norris*, 1 Laws, 282 ; *Wood* v. *Goodrich*, 6 Cush. [Mass.], 117 ; *Galusha* v. *Hitchcock*, 29 Barb., 193.) The authority to an agent to sign a sealed instrument must be under seal. (*Blood* v. *Goodrich*, 12 Wend., 526 ; *Worrall* v. *Munn*, 5 N. Y., 229 ; *Boyd* v. *Dobson*, 5 Humph., 37 ; *Cooper* v. *Rankin*, 5 Binn., 613 ; *McNaughton*

v. *Partridge,* 11 Ohio, 223 ; *Preston* v. *Hull,* 22 Gratt. [Va.], 600.)

*Fred. H. Kellogg,* for the respondents. A partnership may exist between dealers and speculators in real estate for the purpose of buying and selling lands, and may be created by parol. (*Chester et al.* v. *Dickerson et al.,* 54 N. Y., 1, and cases cited ; 2 Barb. Ch., 198–336 ; 52 Barb., 349 ; *Sage* v. *Sherman and others,* 2 N. Y., 417 ; Willard on Real Estate, 376 ; *Block* v. *Col. Ins. Co.,* 47 N. Y., 652 ; 31 id., 611.) It is a well-settled principle that when the ostensible partner is alone known in the transaction all persons who are to share in the profits are held liable to a third person, even though he is ignorant of the existence of the partnership and relied solely upon the faith and credit of the ostensible partner. (*The Ontario Bank* v. *Hennessy,* 48 N. Y., 545–550 ; *Poillon* v. *Secor,* 61 id., 458 ; Story on Partnership, 53, 80, 138, 139 ; Collyer on Partnership, 227–537 ; *Kelley* v. *Hurlbut,* 5 Cow., 535 ; 1 Den., 402–471 ; 10 N. Y., 51.)

Davis, P. J. :

It is now well settled in this State that a partnership may exist between dealers in real estate for the purpose of buying and selling land for profit ; and that such partnerships are governed substantially by the same rules as partnerships for dealing in personal property, except as necessarily modified by the operation of the rules of law in reference to the conveyance and assignment of real estate. (*Chester* v. *Dickerson,* 54 N. Y., 1 ; *Sage* v. *Sherman,* 2 id., 417 ; *Ontario Bank* v. *Hennessey,* 48 id., 545.) In the case of such a partnership, it may be agreed *orally* between the partners that the title shall be taken, and the business done altogether in the name of one of the partners ; and where such an arrangement is made, one legal result is, that the name of the partner used becomes, *pro hac vice,* the partnership name of the firm, and all the members of the firm may be bound by acts done by him in such name and within the scope of his authority, upon the same principal and to the same extent as are the several partners whose names do not appear in the firm name in ordinary partnerships, for acts done by one of the partners in the firm name.

The court below found in this case that the lands described in the mortgage executed by Dobbs, were purchased by Dobbs, Raynor and the appellant, as copartners for their joint benefit, and for speculative purposes, each to share *pro rata* in the profits. This finding is clearly sustained by the evidence in the case. By mutual arrangement the title of the lands was taken in the name of Dobbs for the benefit of all the parties interested, and he executed the mortgage sought to be foreclosed in this action, in his own name to carry out the arrangement between himself and the other parties interested. The fact that the partnership was unknown to the plaintiff's testator at the time the mortgage given for a portion of the purchase-money was executed, was not a material one. (*Ontario Bank* v. *Hennessey, supra ; Poillon* v. *Secor*, 61 N. Y., 456 ; Story on Partnerships, § 53 *et seq.*)

The transaction in this case seems to have been altogether a losing one ; but that is no reason for relieving either of the partners from his just share of responsibility. Had it proved a profitable one, it is not likely that such relief would be sought, or desired. As between the several defendants who are copartners, it would be highly inequitable that the one whose name was used should stand charged with all the consequences of the unfortunate enterprise. The plaintiffs in their complaint have only prayed, as relief in respect of a possible deficiency, that each partner may be charged separately, precisely as the liability of the several partners with respect to each other existed ; and the court ordered judgment accordingly. The appellant is charged by the decree with an equal fourth of any deficiency that may accrue. The plaintiffs, treating the three defendants as copartners, might have asked for a decree for the deficiency against them *in solido*, which, under circumstances easily imagined, would have been a much harsher judgment against the appellant. He has no cause to complain of the form of the judgment, inasmuch as it relieves him from all liability beyond that which he was bound to bear as between himself and his copartners.

We see no reason for disturbing the judgment, and it should be affirmed with costs.

INGALLS, J., concurred ; BRADY, J., not sitting.

Judgment affirmed, with costs.